# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROY BONNER,<br><br>    Plaintiff,<br><br>    v.<br><br>GIPSON, et al.,<br><br>    Defendants. | Case No. **1:14-cv-00610-LJO-JLT (PC)**<br><br>**ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE**<br><br>**(Doc. 1)**<br><br>**RESPONSE DUE WITHIN THIRTY DAYS** |

**I.   Background**

Plaintiff, William Roy Bonner, is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint in this action on April 25, 2014. (Doc. 1.)

**A.   Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C.

§ 1915(e)(2)(B)(i)-(iii).

### B. Summary of Plaintiff's Complaint

Plaintiff complains of acts that occurred while he was an inmate at Corcoran State Prison ("CSP") in Corcoran, California. Plaintiff names the following as Defendants: Warden Connie Gipson; Assistant Warden M. Jennings; Lieutenants M.S. Robicheaux and A. Cruz; Sergeants A. Nadal and N. Scaife; and Correctional Officers M. Holguin and M.P. Hernandez. Plaintiff seeks monetary relief.

Plaintiff alleges that on April 11, 2013, he was involved in an altercation. After the altercation Sgt. Scaife and C.O. Holguin handcuffed and escorted him to the holding cage. While being handcuffed, C.O. Holguin placed his knee in the small of Plaintiff's back, grabbed a fist full of Plaintiff's hair, and then slammed Plaintiff's face into the pavement. On the way to the holding cage, Plaintiff alleges that Sgt. Scaife and C.O. Holguin slammed Plaintiff into various walls along the way. Once they arrived at the holding cage, these two Defendants repeatedly slammed Plaintiff's face into the holding cage which is a metal grill. Plaintiff alleges that these circumstances constituted use of excessive force in violation of the Eighth Amendment.

Plaintiff has stated a cognizable claim against Sgt. Scaife and C.O. Holguin, but may be able to amend to correct the deficiencies in his pleading to state cognizable claims against others of the Defendants he has named in this action. Thus, he is being given the applicable standards based on his stated claims and leave to either file a first amended complaint, or to notify the Court of his desire to proceed only on the claims found cognizable herein against Sgt. Scaife and C.O. Holguin.

### C. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and

2

the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C.  § 1915(e)(2)(B)(ii).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.  Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.  While "plaintiffs [now] face a higher burden of pleadings facts . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  However, courts are not required to indulge unwarranted inferences. *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

If he chooses to file a first amended complaint, it SHALL be as concise as possible. Plaintiff should merely state which of his constitutional rights he feels were violated by each Defendant and its factual basis.

**2. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

3

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff names but fails to link Defendants Warden Gipson, Assistant Warden. Jennings, Lt. Robicheaux, Lt. Cruz; Sgt. Nadal, and C.O. Hernandez to any of his factual allegations. Plaintiff must clarify which Defendant(s) he feels are responsible for each violation of his constitutional rights and their factual basis as his Complaint must put each Defendant on notice of Plaintiff's claims against him or her. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

### 3. Federal Rule of Civil Procedure 18(a)

Fed.R.Civ.P. 18(a) states that "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 607

(7th Cir. 2007) citing 28 U.S.C. § 1915(g).

The fact that claims are premised on the same type of constitutional violation(s) (i.e. retaliation) against multiple defendants does not make them factually related. Claims are related where they are based on the same precipitating event, or a series of related events caused by the same precipitating event. Plaintiff is advised that if he chooses to file a first amended complaint, and fails to comply with Rule 18(a), all unrelated claims will be stricken.

**D.       Claims for Relief**

### 1. Eighth Amendment – Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. *Id.* at 9-10; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

Plaintiff alleges that on April 11, 2013, he was involved in an altercation. After the altercation Sgt. Scaife and C.O. Holguin handcuffed and escorted him to the holding cage. While being handcuffed, C.O. Holguin placed his knee in the small of Plaintiff's back, grabbed a fist full of Plaintiff's hair, and then slammed Plaintiff's face into the pavement. On the way to the holding cage, Plaintiff alleges that Sgt. Scaife and C.O. Holguin slammed Plaintiff into various walls along the way. Once they arrived at the holding cage, these two Defendants repeatedly slammed Plaintiff's face into the holding cage which is a metal grill. These allegations state cognizable claims against Sgt Scaife and C.O. Holguin for use of excessive force in violation of the Eighth Amendment.

### 2. Supervisory Liability

It appears that Plaintiff may have named some of the Defendants because they hold

1  supervisory positions.

2  Supervisory personnel are generally not liable under section 1983 for the actions of their
3  employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a
4  supervisory position, the causal link between him and the claimed constitutional violation must be
5  specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*,
6  589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief
7  under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that
8  would support a claim that supervisory defendants either: personally participated in the alleged
9  deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or
10 promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of
11 constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*,
12 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045
13 (9th Cir. 1989). Under section 1983, liability may not be imposed on supervisory personnel for
14 the actions of their employees under a theory of *respondeat superior*. *Iqbal*, 556 U.S. at 677. "In
15 a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the
16 term 'supervisory liability' is a misnomer." *Id.* Knowledge and acquiescence of a subordinate's
17 misconduct is insufficient to establish liability; each government official is only liable for his or
18 her own misconduct. *Id.*

19 "'[B]are assertions . . . amount[ing] to nothing more than a "formulaic recitation of the
20 elements" of a constitutional discrimination claim,' for the purposes of ruling on a motion to
21 dismiss [and thus also for screening purposes], are not entitled to an assumption of truth." *Moss*,
22 572 F.3d at 969 (quoting *Iqbal*, 556 U.S. at 1951 (quoting *Twombly*, 550 U.S. at 555)). "Such
23 allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather
24 because they do nothing more than state a legal conclusion – even if that conclusion is cast in the
25 form of a factual allegation." *Id.*

26 Thus, Plaintiff's allegation that any of the Defendants are liable because they supervise
27 others who violated Plaintiff's constitutional rights does not state a cognizable claim against the
28 supervisory Defendants.

## II. **CONCLUSION**

As discussed above, Plaintiff has stated a cognizable claim against Defendants Sgt Scaife and C.O. Holguin for using excessive force in violation of the Eighth Amendment, but may be able to amend to correct the deficiencies in his pleading to state cognizable claims against others of the Defendants he has named in this action. Thus, he is given leave to either file a first amended complaint, or to notify the Court of his desire to proceed only on the claims found cognizable herein against Sgt. Scaife and C.O. Holguin.

If Plaintiff chooses to file a first amended complaint, he must allege facts detailing how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The first amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's first amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within 30 days from the date of service of this order, Plaintiff must either:
    a. File a first amended complaint curing the deficiencies identified by the Court in this order, or
    b. Notify the Court in writing that he does not wish to file a first amended complaint and wishes to proceed only on the claims identified by the Court as viable/cognizable in this order; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **June 11, 2014**                              **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE